The Attorney General is in receipt of your letter wherein you request an official opinion, asking, in effect, the following questions: (1) Whether the definition of "Associate Board" found at 59 O.S. 45 [59-45] (1980) et seq., as amended by House Bill 1100, applies to the Board of Governors of Licensed Architects ? (2) What responsibility, if any, does the Architectural Board have to the "Associate Board ?" Section 59 O.S. 45.28 [59-45.28] of 59 O.S.Supp. 1980 defines the "Associate Board" and provides in pertinent part: "To carry out the provisions of this article, there is hereby created a State Board of Landscape Architects hereinafter called the 'Associate Board.' 'Board' means The Board of Governors of Licensed Architects of Oklahoma." Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intent plainly appears. 25 O.S. 2 [25-2] (1971). A reading of all provisions found under Article II, to be codified at 59 O.S. 45.25 [59-45.25] (1980) et seq. of the State Architectural Act, does not reflect legislative intent to alter the definition of Associate Board as statutorily defined. Thus, no other connotation can be given as the word "Associate Board" means the State Board of Landscape Architects, and such a reading should be given wherever the word appears. Your second question raises the issue of whether the State Architectural Board has any statutory obligations to the State Board of Landscape Architects. Boards created by statute may only exercise the power granted by statute. Boydston v. State, Okl., 277 P.2d 138 (1954). Title 59 O.S. 45.1 [59-45.1] (1971) et seq., as amended by House Bill 1100, indicates legislative intent to place the provisions governing Architects and Landscape Architects in close proximity to one another. The decision to so codify the two acts together appears only to be for legislative convenience and future reference as both statutes seek to protect public interest in the two related professions. A reading of the entire Act does not demonstrate legislative intent to grant concurrent authority to either regulatory board. Moreover, except where the activities of one profession overlaps the other, neither the Architectural Board nor the Landscape Architectural Board is empowered to regulate the practice of its related profession. Locating the Boards under separate articles within the Act amplifies this point. It is, therefore, the official opinion of the Attorney General that: 1. "Associate Board" used under 59 O.S. 45.28 [59-45.28] (1980) means the Landscape Architect Board has no contrary intent and is apparent from the provision found under 59 O.S. 45.26 [59-45.26] (1980) et seq. 2. Except where the practice of Landscape Architecture is incidental to the practice of Architecture, 59 O.S. 54.26 [59-54.26] (1980) does not mandate the State Board of Architects to assist the State Board of Landscape Architecture to regulate and enforce the provisions governing landscape architects. (Ronald Lee Johnson)